CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 10, 2026**

**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WSI WINDDOWN, INC., *et al.*,[1] | ) | Case No. 26-80002-swe11 |
| Debtors. | ) | (Jointly Administered) |

**ORDER (I) AUTHORIZING DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of WSI Winddown, Inc. and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (the "Order") authorizing dismissal of these Chapter 11 Cases and granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding

[1] The last four digits of WSI Winddown, Inc.'s federal tax identification number are 5664. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/wiser. The location of Debtor WSI Winddown, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1875 Mission Street, Suite 103, San Francisco, CA 94103.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of the Motion and opportunity for a hearing having been given; and this Court having reviewed the Motion and heard the statements in support thereof at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish cause for dismissal under section 1112(b) of the Bankruptcy Code and that dismissal is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Pursuant to Bankruptcy Code sections 105(a), 1112(b), and 349 and Bankruptcy Rule 1017(a), the above-captioned Chapter 11 Cases shall be dismissed effective as of September 10, 2026.

3. Upon dismissal, the Committee shall be dissolved and shall have no further duties or obligations in connection with these Chapter 11 Cases.

4. The Debtors are authorized to distribute the Cash Balance to satisfy winddown expenses in accordance with the terms and conditions of the Motion, DIP Order, and Sale Order.

5. Notwithstanding section 349(b) of the Bankruptcy Code, all orders previously entered by this Court in these Chapter 11 Cases, including without limitation the DIP Order, the Sale Order, and any findings, releases, exculpations, injunctions, stipulations, settlements, and related provisions contained therein, including without limitation paragraph 26(e) of the DIP Order (requiring remaining funds in the Carve-Out Account to be distributed to Crestline) and paragraph 37 of the Sale Order (providing that monies held by the Australian Entities are Acquired Assets

(each as defined in the Sale Order) and must be remitted to CL-Mateo (or its designee)), shall remain in full force and effect and shall survive dismissal of these Chapter 11 Cases.

6. Except as may be necessary to facilitate the winddown and dismissal of these Chapter 11 Cases (including but not limited to providing notice of this Order), the services provided by Epiq pursuant to the Epiq Retention Order are terminated and Epiq shall have no further obligations to this Court, the Debtors, or any other party in interest with respect to such services in these Chapter 11 Cases. Following entry of this Order, Epiq shall deliver to the Clerk a certified duplicate of the official Claims Register and an electronic copy in pdf. format of all proofs of claim filed in these Chapter 11 Cases. Epiq may destroy all proofs of claim in its possession sixty (60) days following receipt of such proofs of claim by the Clerk.

7. Notwithstanding anything to the contrary in the Debtors' organizational documents or applicable non-bankruptcy law, the Debtors are authorized, but not directed, to take all actions necessary to dissolve and wind up their corporate affairs in accordance with applicable law without further action by their boards of directors, managers, members, shareholders, other governing bodies, or further order of, or notice to, this Court or any parties in interest in these Chapter 11 Cases.

8. Nothing contained in the Motion, this Order, or any actions taken pursuant thereto shall be construed as: (i) an admission as to the amount of, basis for, or validity of any claim against any Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (ii) a waiver of the Debtors' or any other party-in-interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order or a finding that any particular claim is an administrative expense claim or other priority claim; (v) authorization to assume, adopt,

or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (vi) other than as stipulated and/or determined by the DIP Order or Sale Order (a) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (b) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (c) any other concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Order are valid, and the rights of all parties-in-interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order shall not be construed as an admission as to the validity of any particular claim, or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including but not limited to distributions of the Cash Balance or other assets, payment of professional fees or such other distributions from the Funded Reserve Account or Carve-Out Account, or payments to be made in accordance with the DIP Order or Sale Order, as applicable.

**# # # END OF ORDER # # #**

Order submitted by:

Todd M. Schwartz (SBN 24105128)
(admitted *pro hac vice*)
**HOGAN LOVELLS CADWALADER US LLP**
609 Main Street
Houston, TX 77002
Tel. (650) 463-4000
Fax (650) 463-4199
todd.schwartz@hlc.com

- and -

Christopher R. Bryant (admitted *pro hac vice*)
Danielle A. Ullo (admitted *pro hac vice*)
**HOGAN LOVELLS CADWALADER US LLP**
390 Madison Avenue
New York, NY 10017
Tel. (212) 918-3000
Fax (212) 918-3100
chris.bryant@hlc.com
danielle.ullo@hlc.com

Katharine Battaia Clark (SBN 24046712)
Alexandra E. Rossetti (SBN 24125390)
**THOMPSON COBURN LLP**
2100 Ross Avenue, Suite 3200
Dallas, TX 75201
Tel. (972) 629-7100
Fax (972) 629-7171
kclark@thompsoncoburn.com
arossetti@thompsoncoburn.com

- and -

Jacob T. Schwartz (admitted *pro hac vice*)
**THOMPSON COBURN LLP**
488 Madison Avenue, 14th Floor
New York, NY 10022
Tel. (212) 478-7200
Fax (212) 478-7400
jtschwartz@thompsoncoburn.com

*Counsel for the Debtors and Debtors-in-Possession*